UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOY HORAN, Pro Se,<br><br>              Appellant,<br>    v.<br>UNITED STATES OF AMERICA,<br><br>              Appellee. | Case No. 3:18-cv-00047-MMD<br><br>ORDER |

**I.    SUMMARY**

Appellant Joy Horan ("Horan") appeals the Magistrate Judge's judgment finding her guilty of willful removal of government property without authorization in violation of 38 CFR § 1.218(a)(3), (b)(4). (ECF No. 13; ECF No. 10 (Transcript ("Tr.") at 169.) Finding no reversible error, the Court affirms the judgment and conviction.[1]

**II.    RELEVANT BACKGROUND**

This case concerns Horan's receipt of a citation ("Citation") for removal of a vial (or bottle) of hospital grade bupivacaine from the veteran's hospital in Reno, Nevada ("VA Hospital") where she was employed. (Tr. at 2, 18, 21–22, 74–75, 145–46.)

The matter began after Horan's friendship with her roommate Keri Lee Dayton ("Keri") soured, for various reasons. (*Id.* at 117, ECF No. 13 at 4, 9.) Horan had been residing in Keri's home, which Keri co-owns with her twin sister Kristen Wilda Dayton

///

---

[1]The Court has considered Horan's opening brief, which she entitles "opening statement" (ECF No. 13), and the government's answering brief (ECF No. 14). Horan did not file a reply.

("Kristen"), when Keri obtained a temporary order of protection to remove Horan from the premises. (Tr. at 7, 12, 17, 37, 46, 93, 177.) Horan was removed from the residence on March 28, 2017. (*Id.* at 46.) While leaving the residence, Horan closed the door to the room she had been staying in, leaving her personal property behind. (*Id.* at 17, 62, 187.) Ultimately, on April 19, 2017, the temporary order was dissolved and Horan was afforded 30 days beyond April 19 to retrieve her belongings. (*Id.* at 37–39.) However, the same day Keri and Kristen ("Dayton Sisters") entered the room Horan had been staying in and began removing Horan's belongings in Horan's absence, and without anyone else present. (*Id.*; *id.* at 17, 24, 44, 50, 53–56, 177.) Kristen used "a card to unlock the door." (*Id.* at 42.) The Dayton Sisters claimed that in the process of removing Horan's items from the room, they for the first time found the subject bottle of bupivacaine behind a curtain in the room. (*Id.* at 17–18, 26, 42, 103.)

A one-day bench trial was held regarding the Citation before Magistrate Judge William G. Cobb on January 9, 2018. (*Id.* at 1–2.) During the trial, the government called seven witnesses, including the Dayton Sisters and proffered a total of five exhibits that were admitted into evidence. (*Id.* at 5, 64, 72, 84, 87-88, 92, 142, 201.) Horan presented four exhibits (*id.* at 201), but did not introduce her own witnesses or otherwise present a case in her defense (*id.* at 163).

No direct evidence of Horan removing the bupivacaine from the VA Hospital was presented at trial. However, based on the circumstantial evidence presented, the Magistrate Judge found Horan guilty of the charged Citation and fined her $170, and entered judgment accordingly. (*Id.* at 173–74, 195–96.) Horan timely appealed the decision.

### III.    LEGAL STANDARD

18 U.S.C. § 3402 provides that "[i]n all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." The Court reviews findings of fact under the clear error standard. *United States v. Arnold*, Case No.

3:15-cv-00109-MMD-WGC, 2015 WL 6123208, at *2 (D. Nev. Oct. 16, 2015) (citing *United States v. Ramirez*, 555 F. Supp. 736, 738–39 (E.D. Cal. 1983)). Issues of law are reviewed de novo. *Id.* (citing *United States v. Wazelle*, No. CR-F-04-5376 AWI, 2006 WL 2536610, at *3 (E.D. Cal. Aug. 31, 2006)).

The Court views the evidence presented at trial in the light most favorable to the government, and will uphold the verdict so long as any rational trier of fact could have found Horan guilty beyond a reasonable doubt of each element of the crime charged. *U.S. v. Sanchez-Mata*, 925 F.2d 1166, 1166 (9th Cir. 1991) (citations omitted).

## IV. DISCUSSION

On appeal, Horan argues that (1) the evidence was insufficient to support a conviction beyond a reasonable doubt; (2) the government violated the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963)[2] and the Fifth Amendment's Due Process Clause; and (3) the government failed to establish a motive on her part to take the bupivacaine from the VA Hospital. (ECF No. 13 at 14–17.) None of these arguments are availing.

### A. *Brady* Violation and Motive

For the first time on appeal, Horan alleges that the government did not disclose evidence or allow her access to certain evidence prior to trial in violation of the requirements of *Brady* and her due process rights. (ECF No. 13 at 14.) The Court will not consider these arguments raised for the time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (explaining that a reviewing court does not consider arguments—which would include allegations, raised for the first time on appeal).

Horan's contention regarding the government's failure to establish her motive for removing bupivacaine from the hospital is misguided. Motive is not an element of the charge here, *see infra*, and therefore need not be established for a finding of guilt. *See* 38 C.F.R. § 1.218(a)(3), (b)(4).

///

---

[2]In *Brady,* the Supreme Court imposed a duty on the government to "provide exculpatory evidence to a criminal defendant[,]" including "material . . . that bears on the credibility of a significant witness in the case." *United States v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004) (internal quotation and citations omitted).

## B. Sufficiency of the Evidence

The government had the burden to establish, beyond a reasonable doubt, that Horan had *removed* the bupivacaine from the VA Hospital without authorization to support a conviction under 38 CFR § 1.218(a)(3), (b)(4). A finding beyond a reasonable doubt requires a "very high level of probability." *Victor v. Nebraska*, 511 U.S. 1, 14 (1994). But, "circumstantial evidence alone can be sufficient to demonstrate a defendant's guilt." *U.S. v. Cordova Barajas*, 360 F.3d 1037, 1041 (9th Cir. 2004) (collecting cases).

The Court's inquiry focuses on whether the Magistrate Judge erred in finding the circumstantial evidence was sufficient to support a finding of guilt—that Horan removed the bupivacaine from the VA Hospital without authorization. Pertinently, it was uncontested that neither the Dayton Sisters nor Horan was authorized to remove bupivacaine from the VA Hospital. Moreover, the Magistrate Judge concluded that his finding as to who removed the subject bupivacaine from the VA Hospital essentially came down to two individuals— Keri and Horan. (Tr. at 195.) There is no claim the Judge erred in so concluding.

Relevantly, Horan's defense theory was essentially that Keri had the opportunity to, and did take, the bupivacaine from VA Hospital's emergency room after Keri had accompanied Horan to the VA Hospital for an emergency procedure on Horan's leg in November 2016. (*Id.* at 184, 107–08.) Horan's leg was treated with bupivacaine, in Keri's presence, on the day of the emergency visit. (*Id.* at 103, 106, 196.)

The VA Hospital's chief of pharmacy—Beth Foster—confirmed that the hospital purchased the particular bupivacaine the Dayton Sisters claimed to have found in Horan's room in September 2016. (*Id.* at 67–69.) There was also testimony that while bupivacaine was predominantly used as a numbing agent in the hospital's operating room, it may also be used in the emergency department, and that a nurse aide[3], like Horan, working in the

///

---

[3]In her brief, Horan highlights that she was improperly referred to during the bench trial as a nurse. (ECF No. 13 at 12; Tr. at 20, 126, 165, 166.) It is unclear what, if any, impact the distinction of being a nurse aide versus a nurse had on the Magistrate Judge's finding of guilt, discussed *infra*. While testimony suggests a nurse working in the preadmissions area where Horan worked would have access to bupivacaine, testimony

preadmissions area could have access to the drug. (*Id.* at 69–70, 71, 74, 75–77, *see also id.* at 103.)

Horan suggested—without testifying—that Keri, who was a "combat medic", had taken the bupivacaine on the day of Horan's emergency room visit because Keri wanted to inject the bupivacaine in her dog who had a tumor on its tail. (*Id.* at 84, 108–09, 182–83, 186–87,195–95.) Horan further contended that the Dayton Sisters, particularly Keri, had planted the bupivacaine allegedly found in her room because of the antipathy between Horan and Keri surrounding Horan's removal from the residence. (*Id.* at 174, 177–78, 186; *see also* ECF No. 13 at 13–14.) To this pointed, Horan called into question that no one had seen her with, or observed her using bupivacaine, and highlighted that no one aside from the Dayton Sisters was present when the drug was allegedly discovered behind the curtain in the room she occupied, and that the room's door could have been easily opened during her absence, as Kristen did. (Tr. at 177–88.)

Keri admitted that she visited the VA Hospital with Horan, but testified she did not know that bupivacaine was used to treat Horan. (*Id.* at 106, 128.) And, Keri denied taking the bupivacaine found in Horan's room from the VA Hospital. (*Id.* at 108–109, 123.) In any event, even conceding bupivacaine was used on Horan in the hospital, Keri insisted that the bottle used to treat Horan in the hospital was *different* from the bottle found in Horan's room. (*Id.*, 128.) The Magistrate Judge appeared to have concluded likewise.

In finding Horan guilty, Magistrate Judge Cobb reasoned:

> [A]ccording to [Horan's] medical record which she presented, November 6th, that Dr. Sorteberg performed a local bupivacaine injection on [Horan], and this what we have here[—the bupivacaine found in Horan's room,] is not open. So that defies logic that the bottle was taken at that time[—the day of the emergency room visit].

(*Id.* at 196.) He further noted that that the explanation that Keri had taken the bupivacaine to inject her dog with the tumor was also "difficult to accept" because there was no

///

---

also indicated Horan would also have access. (Tr. at 75–79, 81.) Moreover, at no point during the trial did Horan even attempt to correct the narrative that she was a nurse. (*See generally* Tr.)

indication Keri had "an injection mechanism such as a syringe" and "the dog was already being treated by a vet." (*Id.* at 195–96, *see id.* at 188.) Judge Cobb also relied on testimony that the VA Hospital records established that none of the Daytons—neither Kristen, Keri, or their father, who are all veterans—had ever been administered or prescribed bupivacaine by the VA Hospital. (*Id.* at 199; *see also id.* at 84–85, 89, 95, 148–49, 151.) He additionally highlighted that testimony established that Horan had "ready access to this type of medication." (*Id.* at 195, *see also id.* at 75.)

Viewing the evidence in the light most favorable to government, the Court concludes that Magistrate Judge Cobb did not err in finding Horan guilty of removing the bupivacaine from the VA Hospital without authorization beyond a reasonable doubt. There was ample evidence for a reasonable trier of fact to conclude to a high probability that Horan had access to the bupivacaine for which she was cited for removing from the VA Hospital and that it was different from the bottle Horan accused Keri of taking. Thus, irrespective of whether Keri also removed bupivacaine from the VA Hospital, the evidence was sufficient for a reasonable trier of fact to find Horan guilty under 38 CFR § 1.218(a)(3), (b)(4) for the charged citation. Accordingly, the Court affirms the judgment and conviction.

## V.     CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the appeal before the Court.

It is therefore ordered that the judgment and conviction is affirmed. The Clerk of the Court is directed to enter judgment accordingly and close this case.

DATED THIS 27th day of November 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE